JOHN COUCH v. TEXAS PACIFIC RAILWAY COMPANY ET AL.

No. 1513.        Decided February 5, 1906.

**1.—Boundaries—Calls—Railroad Right of Way.**

A call in a deed for boundaries of the land conveyed running to and thence with the right of way of a railroad does not include the land between the line of the right of way and the center of the track. (P. 467.)

**2.—Conflicting Calls—Evidence—Intention.**

Where the call for a right of way of a railroad as boundary and that for

course and distance conflict, evidence, such as the pointing out a fence as boun-dary, is admissible to show whether the intention was to stop at the line of right of way, or include the land to the center of the track. (P. 468.)

**3.—Appropriation of Water.**

A railway company which by contract with a city gave the latter permission to take water for its use from wells on the land covered by its right of way, and provided for indemnity to the company against damages thereby incurred, was responsible, equally with the city, to the owner of the fee in the land, for such appropriation of his property in the water taken. (P. 468.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Callahan County.

Couch sued the railway company and the city of Baird for appropriation of water on his land covered by the company's right of way, for the use of the city. Defendants had judgment. Plaintiff appealed, and on affirmance obtained writ of error.

*Bowyer & Tillett,* for plaintiff in error.—The water in the well on plaintiff's land, over which the right of way of the Texas & Pacific Ry. Co. is located, is the property of plaintiff, and a contract between the said Texas & Pacific Ry. Co. and the city of Baird, by the terms of which the city of Baird was authorized to take, and did take, the water from the well on plaintiff's land and convey same by pipes running from said well to the city of Baird for the use of the inhabitants of said city, was a conversion of said water. Lyon v. McDonald, 78 Texas, 71; O'Neal v. City of Sherman, 77 Texas, 182.

The deed from John Couch and wife to Norton and McGowan, conveying to them a part of the northwest quarter of section 90, B. B. B. & C. land, and describing same as beginning at the northeast corner thereof; thence to northwest corner; thence south about 190 varas to right of way of the Texas & Pacific Ry. right of way; thence east with the said Texas & Pacific right of way about 950 vrs. to corner; thence north about 110 vrs. to corner, same containing 40 acres, more or less, takes and covers only the land to the right of way, and does not go to the center of the track. 5 Am. & Eng. Cycl. Law, 910; Schneider v. Jacob, 5 S. W. Rep., 352.

When a deed is ambiguous, parol testimony is admissible to show what is intended, and to explain the ambiguity; and in this case was admissible to show what was intended by the call to the right of way of the Texas & Pacific Ry. right of way. Missouri, K. & T. Ry. Co. v. Anderson, 36 Texas Civ. App., 121; Parish v. Williams, 79 S. W., 1097.

*H. C. Shropshire,* for defendant in error.—The Texas & Pacific Railroad, running through the said northwest quarter of section 90, B. B. B. & C. R. R. land, in Callahan County, Texas, was a public highway. Texas Cons., art. 10, sec. 2; Fort Worth & D. C. R. Co. v. Rogers, 21 Texas Civ. App., 608; Texas & Pac. R. Co. v. Fenwick, 78 S. W., 551; Texas & N. O. Ry. Co. v. Sutar, 56 Texas, 496; Angell on Highways, sec. 370.

The conveyance of the land bounded on the right of way of the Texas & Pacific Railroad by plaintiff, to Norton & McGowen, carries with it the fee to the center of the said right of way as part and parcel of the grant. Mitchell v. Bass, 26 Texas, 380; Bond v. Texas & Pac. R. Co., 15 Texas Civ. App., 286; Day v. Chambers, 62 Texas, 190; Emerson v. Bedford, 21 Texas Civ. App., 264; Jacob v. Woolfolk, 14 S. W., 415; Schneider v. Jacob, 5 S. W., 350; Paine v. Consumers' Forwarding & Storage Co., 71 Fed. Rep., 626; City of St. Louis v. Rutz, 138 U. S., 226.

The digging of the wells by this defendant, the Texas & Pacific Railway Company, upon its right of way, and the taking and use therefrom of waters percolating through the earth into such wells, is not an actionable wrong. Houston & T. C. R. Co. v. East, 81 S. W., 279.

The court did not err in refusing to permit the witnesses John Couch and George Couch to testify in the manner stated and contended for by appellant in his second assignment of error. Bombarger v. Morrow, 61 Texas, 417; Johnson v. Morton, 67 S. W., 791; Rogan v. Williams & Co., 63 Texas, 128; Ragsdale v. Mays, 65 Texas, 257; Kahn v. Kahn, 58 S. W., 825; Heflin v. Campbell, 23 S. W., 595; Dawson v. McLeary, 25 S. W., 707; Salado College v. Davis, 47 Texas, 131; Heffron v. Cunningham, 76 Texas, 313; Byars v. Byars, 32 S. W., 925, 11 Texas Civ. App., 567.

Parol evidence is inadmissible to show meaning of an unambiguous written contract, where its meaning can be gathered from the instrument itself and no mistake is alleged. Building and Loan Asso. v. Hamm, 36 S. W., 313; Smith v. Montgomery, 3 Texas, 205; Heffron v. Pollard, 73 Texas, 102; McMichael v. Jarvis, 78 Texas, 672; Soell v. Hadden, 85 Texas, 187; Willis v. Byars, 2 Texas Civ. App., 136; East Line Ry. Co. v. Garrett, 52 Texas, 133.

Norton & McGowen, plaintiff's grantees, not being parties to this suit, any statement made to them by plaintiff, in the absence of the defendants in this case, as to what land was included in the field notes inserted in the deed from plaintiff to Norton & McGowen, is inadmissible. Downey v. Taylor, 48 S. W., 541; Kershner v. Latimer, 64 S. W., 37; Rhine v. Blake & Jenkins, 59 Texas, 240.

The rights of third parties having intervened, what plaintiff said to Norton & McGowen during the time of the negotiation of the conveyance from plaintiff to Norton & McGowen is inadmissible for any purpose. Sanborn v. Murphy, 86 Texas, 442; Collins v. Dignowity, 8 S. W., 326; Taylor v. Taylor, 54 S. W., 1049; Saunders' Executors v. Weekes, 55 S. W., 33; Earle v. Marx, 80 Texas, 42; DuBose v. Rooney, 82 Texas, 176; Coverdill v. Seymour, 94 Texas, 8; Crouch v. Johnson, 7 Texas Civ. App., 438; Dunovant v. Anderson, 24 Texas Civ. App., 518; Evans-Snider-Buel Co. v. Stribling, 45 S. W., 40; Johnson v. Witte, 32 S. W., 426; Greenhill v. Hunton, 69 S. W., 440.

BROWN, Associate Justice.—We adopt the statement of the Court of Civil Appeals as follows:

"This suit was brought by John Couch against the Texas & Pacific Railway Company and the city of Baird, to recover damages in the sum

of $15,000 for the alleged conversion of water from a well averred to be on appellant's premises.

"Upon hearing the evidence, the court peremptorily instructed a verdict for appellees. Couch has appealed from the judgment entered on the verdict.

"These are the facts: The right of way of the railway company runs through the northwest quarter of section 90, B. B. & C. R. R. land, on practically a straight line. The company constructed its road over the land in 1879 and 1880, when it was public school land, and it had the right of way thereover by virtue of article 4167, Revised Statutes of 1879, for its road.

"The quarter section in controversy was first filed on by F. D. Merchant, plaintiff's assignor, on the 3d of January, 1881, and was patented to plaintiff as assignee on the 7th of February, 1902.

"The well in controversy was dug by the railway company on the quarter section, and is located on the north side of its railroad track and on its right of way.

"On the 6th day of March, 1889, Couch sold and conveyed to Norton & McGowen, the following described portion of said land:

"A portion of n. west ¼ of section ninety (90) B. B. B. & C. R. R. Co., about 2½ miles west of Baird, commencing at n. e. corner of the n. w. ¼ of sáid section ninety (90) stake and stone mound from which a p. o. 10 brs. s. 62½, west 217 vrs., marked R; do 10 brs. n. 77, w. 38½ vrs., marked X; thence west 950 vrs. to s. e. corner No. eighty (80) B. B. B. & C. Ry. Co., land, stone and mound for corner, from which a black jack 8″ brs. s., 28 e. 21 vrs. mk'd n. w. 90, a p. o. 19 brs. n. 83 w., 80 vrs. mk'd RR; thence south about 190 vrs. to right of way of the Texas & Pacific Railway; then east with said Texas & Pacific Railway right of way about 950 vrs. to corner; thence north about 110 vrs. to stake and stone mound from which a p. o. 10″ brs. s. 62½, w. 217 vrs. mk'd R., p. o. 10″ brs. n. 77, w. 38½ vrs. marked X, to place of beginning containing forty (40) acres, more or less.

"The county surveyor of Callahan County testified as follows: Beginning at the northwest corner of section 90, and running south 190 varas, will carry you to Texas & Pacific railroad track; this corresponds with the field notes in the plaintiff's patent to the land. . . . On the east side between the two quarters I went to the center of the track; this I think was 110 varas; the deed called for forty acres, more or less; upon making the calculation I find that the field notes figure out only 25, 25-100 acres of land."

The right of way of a railroad is not a public highway in the sense of a public road or street, and the rule of construction which applies to a deed for land bounded by a public highway does not apply in this case so as to make the deed convey land not included in its terms. At the time the deed from Couch to Norton & McGowen was made, Couch owned the land on both sides of the railroad, and after the sale the entire right of way remained in connection with his land south of the railroad. Under this state of facts there is no ground for a presumption that Couch intended to convey that portion which lay between the line described in the deed and the railroad track.

There is a conflict between the call in the deed for the distance 190 varas and the call for the right of way. Unexplained the call for the right of way must be treated as if it had been a call for another tract of land and will control the call for distance. Upon the face of the deed the land conveyed extends only to the north line of the right of way, but the conflict between the call for distance and the call for the right of way may be explained so as to show the real intention of the parties; and if it shall appear that it was intended to convey the land to the railroad track, then the call for distance should be enforced, otherwise the deed should be limited to the north line of the right of way. Wyatt v. Foster, 79 Texas, 420.

The railroad company insists that there is no evidence to charge it with participation in the appropriation of the water by the city of Baird, but we find in the record a contract between the railroad company and the city whereby the railroad company gives the city permission to take the water, requiring the city to indemnify it against all damages which might accrue by reason of the use of the wells by the city; also required said city to fence the wells so as to guard against damages to stock that might congregate around them, and to indemnify the railroad company against all damages arising from such cause. Under these facts we think that there was a cause of action against the railroad if the plaintiff shows himself entitled to recover for the appropriation of the water by the city.

The district court erred in instructing the jury to find a verdict for the defendants, and the Court of Civil Appeals erred in affirming the judgment of the district court, for which errors the judgments are reversed and the cause remanded.

*Reversed and remanded.*