JOHN COUCH v. TEXAS & PACIFIC RAILWAY COMPANY ET AL.

Decided February 8, 1908.

**1.—Deed—Call for Railroad Right of Way—Construction.**

A call in the fieldnotes of a deed for a railroad right of way, should be regarded as a call for the line of another tract of land and not as a call for a road or highway, and, when an actual survey discloses a conflict in the calls, it becomes a question of fact for the jury to determine from all the circumstances whether it was the intention of the grantor to convey to the center of the right of way or only to the outer boundary thereof.

**2.—Same—Homestead.**

In a suit to determine the true boundaries of a tract of land conveyed by husband and wife, the fact that the land was part of the homestead, is irrelevant and immaterial.

Appeal from the District Court of Callahan County. Tried below before Hon. J. H. Calhoun.

*Bowyer & Tillett,* for appellant.

*H. C. Shropshire,* for appellee, Texas & P. Ry. Company.—The conveyance of the land bounded on the right of way of the Texas & Pacific Railroad (by appellant and wife to Norton & McGown), carries with it the fee to the center of the said right of way as part and parcel of the grant; hence, the verdict of the jury was correct, and the court did not err in refusing to set the verdict aside. Couch v. Texas & Pac. Ry. Co., 87 S. W., 847; Muller v. Landa, 31 Texas, 275; Wiess v. Goodhue, 102 S. W., 796-7; Bond v. Texas & Pac. Ry. Co., 15 Texas Civ. App., 281; Mitchell v. Bass, 26 Texas, 380; Day v. Chambers, 62 Texas, 190; Emerson v. Bedford, 21 Texas Civ. App., 262; Cocke v. Texas & N. O. Ry. Co., 103 S. W., 408; Maynard v. Weeks, 41 Vt., 617; Church v. Stiles, 59 Vt., 642; 10 Atl. Rep., 674; Jacob v. Woolfolk, 14 S. W., 415; Schneider v. Jacob, 5 S. W., 350.

*Otis Bowyer* and *Hardwicke & Hardwicke,* for appellee, City of Baird.

STEPHENS, ASSOCIATE JUSTICE.—This is the second appeal in this case, the first being reported in 87 S. W. Rep., 847, and 99 Texas, 464, to which we refer for a history and statement of the case.

The main question at issue was the effect to be given to the following language in a deed made March 6, 1889, by appellant Couch and wife to Norton & McGown: "A portion of N. W. ¼ of section ninety (90) B. B. B. & C. R. Co., about 2½ miles west of Baird, commencing at N. E. corner of the N. W. ¼ of said section ninety (90), stake and stone mound from which a p. o. 10 brs. S. 62½ west 217 vrs., marked R.; do 10 brs. N. 77 W. 38½ vrs., marked X; thence west 950 vrs. to S. E. corner No. eighty (80) B. B. B. & C. Ry. Co. land, stone and mound for corner, from which a black-jack 8″ brs. S. 28 E. 21 vrs. Mk'd N. W. 90 a p. o. 19 brs. N. 83 W., 80 vrs. Mk'd RR; thence south about 190 vrs. to

right of way of the Texas & Pacific Railway; thence east with said
T. & P. Ry. right of way about 950 vrs. to corner; thence north
about 110 vrs. to stake and stone mound from which a p. o. 10″
brs. south 62½ W. 217 vrs. Mk'd R., p. o. 10″ brs. N. 77 W. 38½
vrs. marked X, to place of beginning—containing forty (40) acres
more or less."

On the first trial the court instructed the jury to return a ver-
dict in favor of the appellees, the Texas & Pacific Railway Company
and the city of Baird, thus holding that the language above quoted,
read in the light of an actual survey, included all the land claimed
by Couch and wife north of the Texas & Pacific Railway track, the
survey made showing that the distances called for would have that
effect. This action was approved by the Court of Civil Appeals
for the Fourth District, who treated the calls for the right of way
of the railroad as calls for a public road or street had·so long been
treated in the conveyances of land bounded thereon. The Supreme
Court, taking a different view, reversed the judgment and remanded
the cause, holding that the issue was one for the jury. The result
of the jury trial, however, was the same.

*Conclusions.*—In treating the calls for the railroad right of way
as analogous to calls for public roads and streets the Court of Civil
Appeals seem to have been in accord with the view .entertained in
other jurisdictions, as will be seen from the cases cited in the brief
for the appellee, Texas & Pacific Railway Company. In one of these
cases, for instance, decided by the Supreme Court of Vermont—a
court composed of six judges—this language was used by. the chief
justice: "Public roads and highways, also railroads, are regarded
as having three lines: the center line, which is usually the line
surveyed when the road is laid out, and on each side of which the
road is laid; the two side lines, at equal distances from the center
line, and between which lies the territory covered by the road.
When, in a conveyance of real estate adjoining a highway, such
highway is referred to as constituting a boundary, the center line
will be held to be the boundary so referred to, unless the language
used in so referring to it shows clearly that a side line, instead of
the center, was intended." Harrison Maynard v. Philo Weeks, 41
Vt., 203, marginal page 617. There is, therefore, much force in
the contention of the appellee that inasmuch as the calls for distance
in the field notes above quoted, from the northeast and northwest
corners of the land conveyed to the right of way, would, if given
controlling effect, carry the boundaries to the center of the railway
track, the calls for the right of. way, when read in the light of this
established fact, were rendered entirely unambiguous. But however
this may be, these calls for distance clearly warranted a finding in
favor of the appellees on this issue, which was submitted to the
jury in a charge which, though somewhat inaccurate, substantially
conformed to the opinion of the Supreme Court.

The fact that the land conveyed was a part of the homestead of
Couch and wife is a matter of no consequence and was properly so
treated in the trial below.

The court also was warranted in ignoring the ·issue of estoppel presented in the fifth assignment of error, inasmuch as no such estoppel was set up or relied on by appellant in his pleadings. The judgment is therefore affirmed.

### ON MOTION FOR REHEARING.

The construction given our opinion in this motion places us in conflict with the opinion of the Supreme Court on the former appeal, and therefore seems to call for a further statement of our views. It is true, as appellant contends, that the language .of the opinion of the Supreme Court is to the effect that there is a conflict between the calls for distance and the calls for the Texas & Pacific Railway right of way. We are frank to say this view does not seem to us to be sound. When the language of the whole deed is read in the light of measurements on the ground showing that the unequal distances called for—one hundred and ninety varas at one end and one hundred and ten at the other—would carry the land conveyed to the center of the railway right of way, the conclusion seems irresistible that in calling for the right of way the parties must have meant the center of the right of way, thus rebutting the presumption which otherwise, according to the view of the Supreme Court, might obtain, that the side and not the center line of the right of way was meant. In no view does the case seem to us precisely analogous to that of a call for distance conflicting with a definite call for the line or corner of another survey, for there one or the other of the calls would have to be rejected as a mistake. Here the call for the right of way at most is only indefinite and seemingly uncertain as to its meaning. The inferior call for distance therefore does not have to be rejected as erroneous, but, on the contrary, may be looked to as an interpreter of the call of higher grade. All the calls of a deed should stand, if possible, and that construction should be adopted which will allow this to be done. This is an old and familiar rule of construction, and we see no good reason for not applying it to this case, even if we reject the view, which seems to prevail in other jurisdictions, that presumptively the call for a railroad right of way, like the call for a road or street, is a call for the center of such way of travel.

But however this may be, the case was remanded by the Supreme Court in order that the question of intention might be submitted to the jury, which was done on the last trial, and it is our ·conclusion that the evidence as a whole warranted a finding that it was the intention of the parties to include within the conveyance the territory north of the railway track on which the well in question was situated. This intention is, of course, to be found in the language of the deed, read in the light of the circumstances under which it was executed, and not at all, as seems to be contended, in declarations of intention subsequently made on the witness stand or elsewhere. The motion is therefore overruled.

*Affirmed.*

Writ of error refused.