## ANDERSON v. ROBISON, Com'r, et al.
### (No. 3346.)

(Supreme Court of Texas. March 15, 1922.)

1. **Public lands** ⬲ 173(7)—**Prior right to purchase excess lands does not apply after patents have been issued.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 5397, providing that a purchaser from the state shall have prior right for six months after a resurvey to purchase excess land contiguous to the purchased land, and article 5400, providing that the preceding four articles shall not apply to any lands for which patents have issued, a purchaser from the state may also purchase the excess regardless of the boundaries in the contract of purchase, but the right terminates upon the issuance of a patent.

2. **Public lands** ⬲ 173(7)—**Applicant held entitled to a mineral permit for excess lands on purchase from state.**

Where patents had been issued to purchasers of state land, the prior right to purchase excess lands after resurveys contiguous to their lands, as granted by article 5397, terminated on the issuance of the patents, and an applicant was entitled to have issued to him a mineral permit relating to the excess lands.

On rehearing. Writ of mandamus granted. For former opinion, see 229 S. W. 459.

Black & Smedley, of Austin, for relator.

McKels, Funderburk & Strickland, of Eastland, C. M. Cureton, Atty. Gen., and E. F. Smith, Asst. Atty. Gen., for respondents.

PIERSON, J. [1] Relator, J. E. Anderson, in his motion for rehearing calls our attention to article 5400, Vernon's Sayles' Texas Civil Statutes 1914, and for the first time calls our attention to the effect to be given to the fact that patents had been issued to the purchasers of the four quarters of section 10 prior to his application for a mineral permit.

In his supplemental petition for a writ of mandamus, in narrating the facts of the case, he does make reference to patents having been issued to the purchasers of the quarter sections.

In our original opinion we failed to take into consideration the effect to be given to the issuance of patents to the four quarter sections and to make application of article 5400 to the facts disclosed in relator's petition.

Application of article 5400 to the provisions of article 5397 and to the facts of this case necessitates the granting of the motion for rehearing herein and also the granting of the writ of mandamus prayed for.

Article 5400 is as follows:

"Nothing in the preceding four articles shall apply to any lands for which patents have been issued."

We quote the last proviso of article 5397:

"Provided, that the person who has already purchased, or who may hereafter purchase from the state the particular section to which surplus shall by such resurvey be made contiguous, shall have the prior right for the period of six months after such resurvey shall have been made, in which to purchase such excess on the same terms on which such purchaser has already bought or may buy."

We think it was clearly the intention of the Legislature in article 5400 to fix a time at which this privilege of the prior right to purchase excess should terminate, and it fixed that time at the issuance of the patent to a purchaser under his application and contract of purchase.

Its language is clear and simply provides that the priority accruing to purchasers of lands under article 5397 shall not apply after patents have been issued to said lands.

The respondent Land Commissioner devotes practically all of his argument in his motion for rehearing upon the proposition that the issuance of a patent precludes the patentee from claiming any land from the state not included in his patent. He states it as follows:

"When the purchaser has had prepared correct field notes, pays for the land, and calls for his patent and accepts it, for 160 acres, he cannot, afterwards, obtain any additional land by reason of his application to purchase, being bound by the patent."

As a proposition of law this is correct. Title passes out of the state and vests in the grantee upon the issuance and acceptance of the patent, and is conclusive as to the extent of claim the grantee has "under his contract of purchase," both as to the limitation of acreage as described in the patent and as to any claim to excess in the survey.

This would be true of claims to the right to purchase excess arising under the obligation of the contract itself; but here, as a gratuity so to speak, by statute, the state, through its Legislature, has given this right of priority to the purchaser, independent and aside from his contract, and fixed a limit of time in which this right is to be exercised after the resurvey by the Land Commissioner and the excess is discovered.

The state gives this priority to those who have purchased or who may hereafter purchase, and whose prior rights to purchase are not concluded by the issuance and acceptance of a patent. It is a right given by statute, and inures to the benefit of the purchaser in addition to his contract and is not restricted by its terms.

This prior right to purchase, however, terminates and ceases to exist upon the issuance of the patent as provided in article 5400.

[2] This being true, and the admitted facts

⬲ For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

being that prior to the filing of relator Anderson's application for a mineral permit, patents had been issued to the purchasers of all four quarter sections, and, their prior right to purchase the excess being concluded, it follows that relator Anderson was entitled to have issued to him the permit prayed for.

The writ of mandamus is granted.