**JOSLIN et al. v. STATE et al.**

No. 8628.

Court of Civil Appeals of Texas. Austin.

Nov. 13, 1940.

Rehearings Denied Dec. 31, 1940.

Hornsby & Hornsby, of Austin, and Fred H. Woodard and Kleberg, Eckhardt & Lowe, all of .Corpus Christi, for appellant A. F. Joslin.

Wm. K. Hall, of Fort Worth, Whitaker, Perkins & Turpin, of Midland, Samuels, Foster, Brown & McGee, of Fort Worth, and John W. Stayton and Black & Graves, all of Austin, for appellants Skelley Oil Co., California Co., Empire Gas & Fuel Co., Tide Water Oil Co., Texas Co., Phillips Petroleum Co., W. E. Connell's estate, John Scharbauer, and Millard Eidson.

Wm. McCraw, Former Atty. Gen., and H. Grady Chandler, Asst. Atty. Gen., for appellee State of Texas.

Gerald C. Mann, Atty. Gen., James Noel, Asst. Atty. Gen., and Robert E. Kepke, Asst. Atty. Gen., Wm. Kay Miller and Henry H. Brooks, both of Austin, for appellees Elden B. Busby and Grisham-Hunter Corporation.

BAUGH, Justice.

The controlling question involved in this case is the ownership of the title to a portion of the T. & P. Ry. Co.'s right of way in Ector county. When this case was submitted in this court, there was pending in the Supreme Court, on writ granted from the Amarillo Court of Civil Appeals (80 S.W.2d 1000), the case of Cox v. Campbell, involving ownership of a portion of the right of way of the same Railway Company in Gregg County; the question involved being whether the owners of lands adjoining the Railway Company's right of way acquired title to the center of the right of way, or whether the side lines of the right of way marked the boundary of their respective lands. On the assumption that the decision in the Cox v. Campbell case, Tex.Sup., 143 S.W.2d 361, would control the disposition of this case, we have withheld decision herein until that case was determined by the Supreme Court.

The lands involved in the instant case are the same as those involved in Texas & P. Ry. Co. v. State, Tex.Civ.App., 52 S.W.2d 957, affirmed by the Supreme Court in 124 Tex. 482, 78 S.W.2d 580. Other than a

controversy over who has a prior right to an oil lease on said lands, which depends on whether the State has title thereto, the paramount question presented is whether the sale by the State of its lands, under field notes of surveys calling to go only to marked corners on the edge of the right of way, gave the purchasers of adjoining lands title extending to the center of the right of way.

■ It has long been settled that private grants of lands bordering upon streets, highways, and non-navigable streams, even though the corners be marked, the lines definitely located, and quantity of land exactly ascertained, convey title to the center of the street, highway or streams, "unless such deed contains a clause which expressly declares the contrary intention or contains some other declaration equivalent to such express declaration." Texas Bitulithic Co. v. Warwick, Tex.Com.App., 293 S.W. 160, 164; Mitchell v. Bass, 26 Tex. 372; Dutton v. Vierling, Tex.Civ.App., 152 S.W. 450, 453. This, under the rule of construction of such grants, is now well settled by decision in this State.

.■ And it is now settled by decisions of the Supreme Court that this rule of construction applies with equal force to grants bordering upon railroad rights of way. Rio Bravo Oil Co. v. Weed, 121 Tex. 427, 50 S. W.2d 1080, 85 A.L.R. 391; Cox v. Campbell, Tex.Sup., 143 S.W.2d 361. This is true notwithstanding the former decision of the Supreme Court in Couch v. Texas & P. Ry. Co., 99 Tex. 464, 467, 90 S.W. 860, which case was specifically considered in the Rio Bravo and Cox v. Campbell cases. And as applied to conveyances bordering upon railroad rights of way, the Supreme Court in Cox v. Campbell [143 S.W.2d 366], referring to such rule of construction, say: "and such rule is not overcome even though the field notes describing the land stop at the side line of the street, public highway, or railroad right of way, unless a contrary intention is expressed in plain and unequivocal terms."

No such express reservation of title in the State to the railroad right of way here involved, was made in the grants to the individual purchasers of the adjoining lands from the State. It is not controverted, however, that the footsteps of the surveyor, the calls for course and distance, and the identification of marked corners on the ground of the lands here involved, extended only to the side lines of the right of way; nor is it controverted that the exact quantity of land stated in the purchases from the State was contained within the field notes of such surveys. Nor have the owners of the abutting lands paid the State anything for the lands included within the right of way which they now claim as a part of their adjoining tracts. But most of the same facts were presented in the Rio Bravo and Cox v. Campbell cases, supra, to which the Supreme Court applied the rule nevertheless.

In the Rio Bravo and Cox v. Campbell cases the portions of the railroad rights of way involved had been acquired by the Railway Company from private owners, and not through grants from the State, as was true in the instant case. In those cases the State had theretofore parted with its title to all of the lands involved, the controversies were between private parties, and a construction of the original grants from the State was not involved. It is the contention of the appellees that the liberal rules of construction in favor of the grantee as between private parties do not apply to public grants made by the State; but that in such cases a strict rule of construction in favor of the State and against the grantee must be applied; citing particularly, among other cases, Schutze v. Dabney, Tex.Civ.App., 204 S.W. 342; City of Austin v. Hall, 93 Tex. 591, 57 S.W. 563; Magnolia Pet. Co. v. Walker, 125 Tex. 430, 83 S.W.2d 929.

■ Two cardinal rules of construction of the extent of a grant are, (1) the footsteps of the surveyor, where they can be located on the ground; and (2) the intention of the parties, where that can be definitely ascertained. And appellees urge that upon resurveys of the lands adjoining the right of way, the footsteps of the surveyor upon which the patents were issued were definitely established as going only to the side lines of the right of way; and that the facts and circumstances, and the findings of the trial court, show that it was the intention both of the State and of the grantees, that only the lands to the edge of the right of way be included. But it was held by Judge Key in Dutton v. Vierling, supra, notwithstanding the footsteps of the surveyor, which were there found; and the exact acreage included within the field notes, in the absence of a clear reservation in the grant showing a contrary intention, the conveyance went to the center of a non-navigable stream. The

same rule has been applied to streets and highways in Texas Bitulithic Co. v. Warwick, supra. While the intention of the parties to a grant, where ascertainable, generally controls, the following significant language is used in the Rio Bravo case [121 Tex. 427, 50 S.W.2d 1087, 85 A.L.R. 391]: "The prime object and purpose of such rules [of construction] is to enable them to ascertain and give effect to the true intention of the parties *unless such intention is inconsistent with some settled rule of law.*" (Italics ours.) And the settled rule of law therein announced and followed in Cox v. Campbell, supra, is that, absent an express reservation, the grant is conclusively presumed to go to the center of the non-navigable stream, highway or railroad right of way. There being no such reservation in the grant, under such rule of construction, other evidence as to what was the intention of the parties becomes unimportant.

Now as to the application of this rule of construction to public grants. The case of City of Austin v. Hall, supra, involved a grant bordering upon a *navigable* stream. It is now settled by the decisions hereinabove cited, and others, that such rule does not apply to lands bordering upon navigable streams and tide waters. However, highways, railroad rights of way and non-navigable streams constitute a distinct classification from navigable streams, and such rule of construction as to lands bordering on the former does apply to the latter.

■ The general rule is that a grant by the State of lands bordering upon a street or highway, which contains no express reservation, is to be construed in the same manner as grants between individuals. Mitchell v. Bass, 26 Tex. 372; Fristoe v. Blum, 92 Tex. 76, 80, 45 S.W. 998; Willoughby v. Long, 96 Tex. 194, 71 S.W. 545; Anderson v. Robison, 111 Tex. 402, 229 S.W. 459, 238 S.W. 883; 8 Am.Jur., § 47, p. 780. The only Texas case, applicable to the precise question here involved, is Schutze v. Dabney, supra, principally relied upon by appellees. On appeal to the Supreme Court (see 228 S.W. 176) the decision of this court, written by Judge Jenkins, was reversed on other grounds, and the exact question here presented not decided by the Supreme Court.

Two matters in connection with Judge Jenkins's decision in Tex.Civ.App., 204 S.W. 342, are to be noticed:

1. He predicated his opinion largely upon the case of Graham v. Stern, 168 N.Y. 517, 523, 61 N.E. 891, 85 Am.St.Rep. 694. In subsequent cases decided by that same court, however, Graham v. Stern, supra, was distinguished on its own facts, and the general rule that a grant by the State is governed by the same rules applicable to private grants, was announced and followed. See 2 A.L.R., p. 35, and cases there annotated.

2. In Schutze v. Dabney, supra, Judge Jenkins clearly recognizes that his holding is contrary to that of the Supreme Court in Mitchell v. Bass, supra, but held the Bass case inapplicable because decided under the civil law. However that may have been, the Supreme Court itself, on the issue here involved, has cited with approval and followed the Bass case in Texas Bitulithic Co. v. Warwick, Tex.Com.App., 293 S.W. 160, 162; Cox v. Campbell, Tex.Sup., 143 S.W.2d 361. The necessary result of these decisions by the Supreme Court is to overrule, if same were necessary, the views expressed by Judge Jenkins in Schutze v. Dabney. And since the Supreme Court in the Rio Bravo and Cox v. Campbell cases made expressly applicable to grants adjoining railroad rights of way the rule applicable to non-navigable streams, streets and highways, in which latter cases public grants are construed in the same manner as private grants, it follows that such construction applies with equal force in the grants here involved.

■ The remaining question presented is whether the former suit by the State against the Texas & P. Ry. Co., involving the same land as here, in which the State recovered its judgment, but to which suit the adjacent owners were not parties, is stare decisis as against them in the instant suit. In that suit (see Tex.Civ.App., 52 S.W.2d 957 and 124 Tex. 482, 78 S.W.2d 580) the State sued the T. & P. Ry. Co. in trespass to try title to that portion of the right of way here involved. The T. & P. Ry. Co. by cross action pleaded specially its asserted chain of title from the State. It was also stipulated in that case that the State had, prior to the filing of that suit, patented to individuals all of the adjoining lands, in which patents the field notes specifically called to run to marked corners on the edge of the right of way, and thence with its side lines parallel with, and 36 varas from, the center of the railroad track. The trial court sustained in that case the State's exceptions to the special pleas of title made by the T. & P. Ry. Co., and ren-

dered judgment that the State recover said land subject to the easement thereon in favor of the railroad company.

It is true that the judgment in that case did award these lands to the State; but none of the owners of the adjoining lands were parties to that suit; nor was the construction of their patents in any manner brought in question. In reality, as the opinions of this court and of the Supreme Court readily disclose, the only issue there presented and determined was that the T. & P. Ry. Co., when it obtained its right of way across that section of the State, acquired only an easement over this land; and did not acquire a fee simple title thereto. Whether the State had subsequently parted with its title to this land to others was not involved nor adjudicated in any manner.

■ Nor is the judgment in that case, in our opinion, stare decisis of the question of law presented in the instant case. The doctrine of stare decisis is now a settled part of our jurisprudence. It applies "only to questions of law; it involves no element of estoppel, and it operates on all persons, and not merely the parties to the particular proceeding and their privies." 26 Tex.Jur., § 368, p. 46, and cases there cited. Such, for example, as the construction by the court of last resort, of a written instrument, or of a judgment, or the adjudication of the boundaries of a particular survey. The latter instance is one which most frequently occurs. See Porter v. State, Tex. Civ.App., 15 S.W.2d 191; Blaffer v. State, Tex.Civ.App., 31 S.W.2d 172; Cockrell v. Work, Tex.Civ.App., 94 S.W.2d 784, 795; Federal Royalty Co. v. State, 128 Tex. 324, 98 S.W.2d 993, 996; all cited and relied upon by appellees. But the question of law decided on appeal in the former suit by the State against the Texas & P. Ry. Co. was whether the T. & P. Ry. Co. obtained the title to, or merely an easement over, the lands included in its right of way. That was the controlling question presented and decided on that appeal; manifestly an entirely different question of law from that here presented—that is, whether patents by the State to individual purchasers of adjacent lands, convey title to the center of the right of way or merely to its side lines. Clearly, we think, the decision of the former "question of law" could not and should not apply to, control, or determine the latter "question of law", a separate and distinct question, determinable under entirely different principles and decisions.

It would establish a strange doctrine to hold that under the proper construction of the field notes in their patents, and by virtue thereof, the purchasers of adjacent lands had acquired from the State title to the center of the railroad right of way; but that they are now deprived of any right to assert that title by a judgment obtained by the State against someone else in a suit to which they were not a party, and in which the issue of their title was not adjudicated.

Under the conclusions reached it becomes unnecessary for us to determine the issues between A. F. Joslin and Elden B. Busby as to which one of them had a prior right to a mineral lease on said lands. The right of either to such lease depended upon title in the State to the lands involved.

For the reasons stated, the judgment of the trial court is reversed and judgment here rendered that the State of Texas, as plaintiff below, and the defendants Joslin and Busby, lease applicants, take nothing as against the other defendants named.

Reversed and rendered.