## GUENTHER v. THOMPSON.

### No. 11672.

Court of Civil Appeals of Texas.
San Antonio.

Jan. 29, 1947.

Rehearing Denied Feb. 26, 1947.

Ben F. Foster and R. G. Harris, both of San Antonio, for appellant.

Eskridge & Groce, Jack Hebdon and Davis & Davis, all of San Antonio, for appellee.

MURRAY, Justice.

This suit was instituted by Charles F. Guenther, Senior, against Guy A. Thompson, Trustee of the International & Great Northern Railroad Company, seeking, among other things, a permanent injunction restraining defendant from constructing a railroad spur track in front of lots owned by plaintiff on Salado Street in the City of San Antonio, Texas.

A special exception was sustained to the petition for injunction, and, upon refusal of plaintiff to amend, the suit was dismissed from which judgment of dismissal Charles F. Guenther, Senior, has prosecuted this appeal.

Appellant's cause of action is based upon the contention that when the City of San Antonio conveyed lots abutting on Salado Street it intended to and did convey the fee title to the Street. The City has granted the Railroad Company a full franchise to construct the spur track and unless appellant owns the fee title to the street he has no cause of action.

The City of San Antonio originally owned the fee simple title to the area where Salado Street is now located. It subdivided the area, laid out the street, and sold lots by lot and block numbers. Under such circumstances it is presumed that the City did not intend to part with the fee title to the street. It is the duty of the municipality to maintain the street and keep it in proper condition for the use of the public, and there is no reason to believe, under such circumstances, that the City

intended to part with the fee title to the street. Town of Refugio v. Strauch, Tex. Com.App., 29 S.W.2d 1041; Meyer v. Galveston H. & S. A. R. Co., Tex.Com.App., 50 S.W.2d 268; Graham v. Stern, 168 N. Y. 517, 61 N.E. 891, 85 Am.St.Rep. 694.

The rule is probably different where a grantor other than a city conveys property abutting a street or road. Joslin v. State, Tex.Civ.App., 146 S.W.2d 208.

The judgment is affirmed.