**E. T. FULLER, Jr., et al., Appellants,**

**v.**

**The STATE of Texas, Appellee.**

**No. 6780.**

Court of Civil Appeals of Texas.

Beaumont.

Sept. 16, 1965.

Rehearing Denied Oct. 6, 1965.

Weller, Wheelus & Green, Strong, Pipkin, Strong & Nelson, Carl Griffith, Beaumont, for appellants.

W. G. Walley, Jr., Beaumont, for appellee.

PARKER, Justice.

The opinion and judgment rendered in this cause on the 8th of July, 1965, are withdrawn and this opinion in all things substituted therefor with judgment rendered as hereinafter set forth.

Summary judgment was granted on the motion of the State of Texas declaring the deed dated May 15, 1937, from Edna French to the State of Texas conveyed a fee simple title, less the mineral estate, to a 4.5 acre tract. Further, that by reason of such fee ownership the State of Texas upon the abandonment of a railroad right of way 100 feet in width abutting 4.5 acres to the east, the westerly 50 feet by 680.55 feet of the abandoned railroad right of way belonged to the State of Texas. Appellee, the State of Texas, recovered title and possession of the surface of said portion of the west half of the abandoned railroad right of way as against E. T. Fuller, Jr., individually and as Independent Executor of the Will and Estate of Sarah Bell Fuller, Deceased; Anne B. Teichmann and husband, Charles F. Teichmann; Minnie B. Justus, a feme sole; Edna Brooks, a feme sole; Robert Dixon and wife, Edna Ruth Dixon; Frank W. Brooks and wife, Virginia L. Brooks; and Bronson Gay, Trustee; Lee C. Holland, Trustee; James E. Mason, Trustee; Edward J. Britt, Trustee; and Bill J. Lazenby, Trustee, all as Trustees of the 11th Street Baptist Church, with the relief prayed for by defendants and cross-plaintiffs E. T.

Fuller, Jr., Anne B. Teichmann and husband, Charles F. Teichmann, being in all things denied. Appeal has been perfected by all parties except the Trustees of the Eleventh Street Baptist Church. The parties will be designated by name or the State of Texas will be called appellee and the defendants in the court below will be called appellants.

John J. French owned all of the lands including the railroad right of way and is the common source of title. By deed dated September 9, 1880, John J. French and wife, Sally French, conveyed a right of way for railroad purposes to Sabine & East Texas Railway Company. This right of way was 100 feet in width and, roughly, ran north and south. See sketch below:

PLAT No. 3

On April 20, 1889, John J. French conveyed to Mrs. C. C. Blanchette lands abutting and to the east of the railroad right of way. There is a regular chain of title from Mrs. Blanchette to E. T. Fuller whereby he acquired the fee simple title to an 8 acre tract shown on the plat above. This 8 acre tract abutted the railroad right of way 680.55 feet. Upon the death of E. T. Fuller and his wife, title to such 8 acre tract by will and inheritance vested in E. T. Fuller, Jr. and Anne Fuller Teichmann. The railroad right of way was the sole easement or right of way across the land involved at the time Mrs. C. C. Blanchette acquired title to a larger tract on the east side of the railroad right of way of which the E. T. Fuller tract is a part. The railroad abandoned its right of way in 1961. In the adjoining railroad right of way E. T. Fuller, Jr., and Mrs. Teichmann owned the east one-half of same adjoining and abutting their 8 acre tracts burdened with the right of way. On such abandonment their title in fee simple was complete to the east half of the railroad right of way abutting their 8 acres. No one disputes this.

■ This brings us to the question as to who owns the west half of the surface of the abandoned railroad right of way west of the eastern half thereof vested in E. T. Fuller, Jr., and Mrs. Teichmann. On May 15, 1937, Mrs. Edna French, individually and as independent executrix of the estate of T. A. French, deceased, owned the fee simple title, minerals as well as surface, to all of the lands abutting the railroad right of way to the west containing 32.6 acres. On that date she conveyed by general warranty deed the tract of land hereinafter described to the State of Texas for $2,056.50. The description is as follows:

"The land herein conveyed is a strip out of the T. A. French 32.6 acre tract in the A. Williams survey, Abst. #385, in Jefferson County, Texas, said strip of land lying within the limits of the right of way of the proposed State Highway No. 40 in Jefferson County,

Texas, as surveyed by the Division Engineer of the State Highway Department of Texas, and being of such width that the right of way contained on East side of the centerline of said Highway No. 40 shall be seventy (70') feet and on the West side sixty (60') feet; the centerline being more particularly described as follows:

"TRACT I: Beginning at a point in the centerline of State Highway No. 40 at Sta. 167†29 said point being in the south line of the T. A. French 32.6 acre tract and seventy (70') feet measured at right angles, from the right of way of the S. & E. T. R. R. THENCE N 40° 41′W along the centerline of Highway No. 40 for a distance of one thousand five hundred and nine (1509') feet to Sta. 182†38, said point being in the N. line of the T. A. French tract and eighty-two (82') feet, measured along said N. line, from the NE corner of T. A. French tract.

"It being the intention in this deed to convey to the State of Texas, all the land now being owned by me/us within the above described limits and containing 4.50 acres of land.

"There is reserved, however, to the Grantor herein all oil, gas and other minerals on in and under the land hereby conveyed.

"And it is further agreed that the said grantor/s in consideration of the benefits above set out will remove from the property above described such fences, buildings and other obstructions as may be found upon said property."

Within a year or two thereafter a highway was built upon such 4.5 acres, known as Highway 40 or Highway 69. Hereafter, the word *land* will mean surface only. It is the contention of appellants that the State of Texas did not acquire the land to the east of such 4.5 acres to the center of the abandoned railroad right of way. Appellants contend that upon abandonment of the

railroad right of way the State of Texas was not vested with the title to the strip 680.55 feet north and south X 50 feet east and west, the directions being general, (hereinafter called the land in controversy) and being the west half of the railroad right of way. Appellants rely upon the Supreme Court case of Haines v. McLean, 154 Tex. 272, 276 S.W.2d 777 (1955), wherein the deed from Haines to Scurry County was construed as conveying a determinable fee in a 100 foot strip. The Supreme Court held that since this deed was a donation to Scurry County and had restrictive limitations, to contend that it conveyed an "[additional] fee half again or more greater in adjoining property, simply shocks the conscience * * *." The deed from Edna French to the State of Texas was executed for $450.00 an acre, had no limitations or restrictions, and the intention of the grantor, Edna French, is to be had from the written instrument, not from hearsay conclusions of third persons of no probative force as evidence. There is nothing in said Edna French deed to shock the conscience. Accordingly, the State of Texas by virtue of its deed from Edna French acquired the fee simple title to the western 50 feet of the 100 foot railroad right of way burdened with its use by the railroad, being the land in controversy. After the railroad abandoned its right of way in 1961, the State of Texas owned the surface to the west half of such right of way without being so burdened. Rio Bravo Oil Co. v. Weed, 121 Tex. 427, 50 S.W.2d 1080, 85 A.L.R. 391 (1932). In Joslin v. State (Tex.Civ.App.1940) 146 S.W.2d 208, wr.ref., it was held that private grants of land bordering upon railroad right of ways convey title to the center of such right of way "unless such deed contains a clause which expressly declares the contrary intention or contains some other declaration equivalent to such express declaration", Rio Bravo Oil Co. v. Weed, supra; Cox. v. Campbell, 135 Tex. 428, 143 S.W.2d 361. Such holding where there is no express reservation is applicable to the instant deed from Edna French to the State of Texas.

The points of error of E. T. Fuller, Jr., and Mrs. Teichmann urging that the deed from Mrs. Edna French to the State of Texas did not convey the land in controversy are each and all overruled. The above involves questions of law with no fact issues to be passed on.

Subsequent to the 1937 deed from Edna French to the State of Texas, she conveyed certain small tracts of land on the west side of and abutting the 4.5 acres. At the time of each of these conveyances State Highway 40 had been constructed on the 4.5 acre tract of the State of Texas and was being used as a highway. These deeds from her were:

(a) to Minnie B. Justus dated April 28, 1942.

(b) to E. T. Fuller, Jr. dated April 28, 1942, and by the same description conveyed by him to John S. Parigi on February 15, 1950. Parigi conveyed such tract to the Trustees of the Eleventh Street Baptist Church. No appeal was perfected by the latter. This is a 1.14 acre tract.

(c) to Edna Brooks dated June 29, 1945.

(d) to F. Y Faulkner dated June 29, 1945. Robert Dixon and wife, Edna Ruth Dixon, acquired this tract from Faulkner.

(e) to Frank W. Brooks, Jr. dated June 29, 1945. This tract is owned by Frank W. Brooks, Jr. and wife, Virginia L. Brooks.

Minnie B. Justus' points of error are:

1. The trial court erred in denying the Motion for Summary Judgment of the appellant, Minnie B. Justus, because as a matter of law, the conveyance to the State of Texas of the right of way did not divest Mrs. Edna French, nor her heir, successors or assigns, of their title in and to the right of reversion to the west 50′ of the East Texas Railroad

Company's right of way abutting the right of way conveyed to the State of Texas.

2. The trial court erred in sustaining the Motion for Summary Judgment of the appellee, the State of Texas, because as a matter of law the conveyance to the State of Texas of the right of way did not divest Mrs. Edna French, nor her heirs, successors or assigns, of their title in and to the right of reversion to the west 50' of the East Texas Railroad Company's right of way abutting the right of way conveyed to the State of Texas.

Such points of error are overruled because the land in controversy is owned by the State of Texas for the reasons stated hereinbefore.

Appellants Edna Brooks, Robert Dixon and wife, Edna Ruth Dixon, and Frank W. Brooks and wife, Virginia L. Brooks, as to their respective tracts have identical points of error as Minnie B. Justus which points of error are overruled for the same reasons that the points of error of Minnie B. Justus are overruled.

The points of error of E. T. Fuller, Jr. and Anne B. Teichmann and husband based on E. T. Fuller's former ownership of the 1.14 acre tract conveyed by him to Parigi are overruled for the same reasons the points of error of Minnie B. Justus, et al., are overruled and also because all right, title and interest E. T. Fuller, Jr. ever had in such 1.14 acre tract and adjoining right of way was owned by the Trustees of the Eleventh Street Baptist Church at the time this suit was brought.

As a matter of law appellants Fuller and Teichmann are the owners of the E. T. Fuller 8 acre tract and the east one-half of the abandoned railroad right of way adjacent to such 8 acres, abutting the land in controversy. This is admitted by appellee. The State of Texas acquired its property from Edna French with funds from a Jefferson County Road Bond Issue furnished the State Highway Commission "for the purpose of constructing State Highways in Jefferson County, Texas." The land so purchased is impressed with and has been used for such purpose but this does not change the character of the State's title to its land from fee to the surface to an easement. Should the State of Texas in the future attempt to use its land for a purpose inconsistent with the construction, maintenance, operation, etc., of a State Highway, then the appellants Fuller and Teichmann would have a cause of action to prohibit such unlawful use, which would not be precluded by the judgment of the trial court. There being no unlawful use and no threat of an unlawful use by the State of Texas, there is nothing for a court to determine.

Appellants Fuller and Teichmann assert error on the part of the trial court in adjudging that they take nothing on their claim of right of access to the Highway. Such appellants simply seek a declaration to that effect. No party hereto has attempted to invoke condemnation proceedings under the law of eminent domain in this proceeding.

■ Fuller and Teichmann are abutting land owners on the east side of the land in controversy. The record shows that the State of Texas had instituted condemnation proceedings for highway purposes against E. T. Fuller, Jr., and Anne Fuller Teichmann and her husband as the owners of the east fifty feet of the abandoned railroad right of way adjoining the land in controversy. This suit is pending. All of the abandoned railroad right of way is planned to be used for highway purposes. Fuller and Teichmann have a right of access to Highway 69 as an incident to their ownership of land abutting thereon subject to the proper exercise of the police power for the health, safety and welfare of the public in the plan of construction as well as the control of use and access to a highway of this nature. City of San Antonio v. Pigeon Hole Parking of Texas, Inc. (1958) 158 Tex. 318, 311 S.W.2d 218, 73 A.L.R. 640;

208

The State of Texas v. Baker Bros. Nursery, 366 S.W.2d 212 (S.Ct.1963) and authorities cited therein; Art. 6674w, Vernon's Ann.Civ.St.Tex., and other applicable statutes.

The judgment of the trial court is affirmed in all things except it is reversed, reformed and rendered as to the following: Appellants E. T. Fuller, Jr. and Anne B. Teichmann and husband, as owners of the land east of and abutting the land in controversy, are declared to have right of access to Highway 69 subject to the right of the State of Texas under the provisions of Article 6674w, supra, and its police power to control the design, use and access to Highway 69 as set forth in the preceding paragraph.

Appellants' motions for rehearing are overruled.