In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-049 CR


____________________



CHRISTOPHER JORDAN BAHM, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 9th District Court


Montgomery County, Texas


Trial Cause No. 00-12-07754-CR






 OPINION 


 Christopher Jordan Bahm contends the trial court erred when it denied his motion for
new trial without holding a hearing. Bahm sought a new trial after the trial court revoked his
community supervision and sentenced him to twenty-five years in prison. We affirm.

Background


 Pursuant to a plea bargain agreement, Bahm pled guilty to aggravated sexual assault
of a child. The trial court accepted Bahm's plea and deferred adjudication of his guilt. The
court also ordered that Bahm be placed on community supervision for eight years.


 Approximately five months later, the State filed its motion to adjudicate guilt and to
revoke community supervision. The State alleged that Bahm committed eleven violations
of his community supervision order. At the revocation hearing, Bahm pled "true" to six
alleged violations and "not true" to the remaining five allegations. The violations to which
Bahm pled true were ones alleging that he failed to pay, or failed to pay timely, certain fines,
fees, and costs. The remaining five paragraphs, to which Bahm pled "not true," alleged that
he failed to: (1) obtain suitable employment; (2) perform community service; (3) attend and
complete sex offender counseling; and that he admitted having: (4) unapproved contact with
a minor child as well as (5) sexual intercourse with a minor. After an evidentiary hearing,
the trial court found all of the allegations to be true except the assertion that Bahm had
admitted having sexual intercourse with a minor child. After adjudicating Bahm's guilt, the
trial court immediately heard punishment arguments and then sentenced Bahm.

 Following Bahm's untimely filing of a motion for new trial and an appeal, Bahm
successfully petitioned the Court of Criminal Appeals for a writ of habeas corpus. The Court
granted Bahm an out-of-time appeal. Bahm then filed a second motion for new trial. The
trial court denied Bahm's second motion without holding a hearing. In this appeal, Bahm
asserts the trial court erred in failing to hold an evidentiary hearing on his motion for new
trial.

Standard of review 


 We review the trial court's decision not to hold an evidentiary hearing on a motion for
new trial under an abuse of discretion standard. Wallace v. State, 106 S.W.3d 103, 108 (Tex.
Crim. App. 2003). A defendant's right to an evidentiary hearing on a motion for new trial
is not absolute. Reyes v. State, 849 S.W.2d 812, 815-16 (Tex. Crim. App. 1993). However,
a defendant has a right to an evidentiary hearing when the motion and supporting affidavits
raise matters that are not determinable from the record without a hearing, and the record prior
to the hearing demonstrates that the defendant could be entitled to relief. Wallace, 106
S.W.3d at108. To be sufficient to require an evidentiary hearing, the motion for new trial
and accompanying affidavits need not establish a prima facie case for a new trial. Jordan
v. State, 883 S.W.2d 664, 665 (Tex. Crim. App. 1994). Rather, the documents need only
reflect that reasonable grounds exist for granting a new trial. Martinez v. State, 74 S.W.3d
19, 22 (Tex. Crim. App. 2002). 

 In considering whether Bahm's motion for new trial and supporting affidavits raise
any matters that could entitle him to relief under the circumstances here, we note that both
statutory and case law limit the relief available to plea-bargaining defendants who have
received deferred adjudication. The Code of Criminal Procedure specifically provides that
a defendant who received community supervision may not appeal a trial court's decision to
adjudicate guilt on the original charge. See Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b)
(Vernon Supp. 2005). (1)
 The Court of Criminal Appeals interprets these provisions as
prohibiting a defendant who received deferred adjudication from waiting until his deferred
adjudication is revoked to appeal matters related to his original plea proceeding. See Manuel
v. State, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999)(requiring issues relating to original
plea proceeding to be appealed when deferred adjudication community supervision was first
imposed).

 While issues related to a defendant's original guilty plea are no longer appealable at
this point, Bahm may appeal aspects of the punishment phase of his case. See Hogans v.
State, 2005 WL 2991486, at *3 (Tex. Crim. App. Nov. 9, 2005)(citing Kirtley v. State 56
S.W.3d 48, 51 (Tex. Crim. App. 2001)). As Hogans explains, appellate courts have
jurisdiction over claims that "temporally arise[] before the act of adjudication if the claim
directly and distinctly relates to punishment rather than to the decision to adjudicate." 
Hogans v. State, 2005 WL 2991486, at *1.

 Bahm's motion for new trial attacks the trial court's decision on various grounds. 
Some of Bahm's contentions in his motion for new trial are not foreclosed at this point from
appeal by the Code of Criminal Procedure (appealable matters), and some of the contentions
asserted by Bahm in his motion for new trial are at this point foreclosed (non-appealable
matters). 

non-appealable matters


 Bahm's motion for new trial raises matters that do not entitle him to relief because
they are related to the adjudication of guilt process or are related to his original plea
proceeding. See Connolly v. State, 983 S.W.2d 738, 741 (Tex. Crim. App. 1999); Manuel,
994 S.W.2d at 661-62. With respect to these matters, the trial court did not abuse its
discretion in declining to grant Bahm's request for an evidentiary hearing.

 Bahm's contentions that relate to the trial court's adjudication of his guilt are: (1) his
counsel was ineffective at the adjudication hearing; (2) the State did not prove he
intentionally failed to pay fines, fees, and costs; (2) and (3) the State did not prove he failed to
maintain and secure employment. Because Bahm pleaded guilty and received deferred
adjudication-community supervision, he is foreclosed at this point from raising these claims
in this appeal. See Hogans, 2005 WL 2991486, at *3 (citing Kirtley, 56 S.W.3d at 51); see
Connolly, 983 S.W.2d at 741.

 Bahm also made complaints in his motion for new trial that relate to his original plea
proceeding. He asserts in his motion for new trial that his original counsel rendered
ineffective assistance and that the trial court improperly delegated to the probation officer
the authority to require Bahm to attend and complete counseling and to perform community
service. Because these claims relate to Bahm's original plea proceeding, they cannot be
raised in his present appeal. See Manuel, 994 S.W.2d at 661-62 (finding that a defendant
placed on deferred adjudication probation may raise issues relating to original plea
proceeding only in an appeal taken when deferred adjudication probation is first imposed). 

 Also related to his original plea proceeding is Bahm's assertion that prior to his guilty
plea, the State failed to reveal mitigating evidence, namely the medical results of a rape test
on the alleged victim that showed no signs of penetration or any evidence consistent with the
indictment. Because Bahm pled guilty and received deferred adjudication, at this point this
claim is also foreclosed from being raised in this appeal. Id. 

 Moreover, Bahm's affidavit is insufficient regarding this claim. (3) Bahm does not state
that he is innocent of the aggravated assault, does not provide any evidence in support of his
allegation that the State withheld evidence, and does not state how he learned of the alleged
mitigating evidence. As Bahm failed to show that reasonable grounds exist supporting this
claim, the trial court did not err in denying his request for an evidentiary hearing. See
Wallace, 106 S.W.3d at 108.

 Finally, in his motion for new trial, Bahm contends the trial court admitted evidence
of extraneous offenses in violation of the Rule of Evidence 404(b) and Article 37.07 of the
Texas Code of Criminal Procedure. However, on appeal Bahm provides no description of
the offending evidence and does not explain whether the evidence was admitted in the
original plea proceeding or the adjudication hearing. Because Bahm pled guilty and received
deferred adjudication, and this complaint is related to his guilt and not to punishment, at this
point in his case the law forecloses his appeal on this complaint. As a result, the trial court
did not abuse its discretion in declining to grant Bahm's request for an evidentiary hearing
regarding this claim. See Manuel, 994 S.W.2d at 661-62; Connolly, 983 S.W.2d at 741.

appealable matters


 In his motion for new trial, Bahm asserts two matters that the State concedes are
appealable: (1) the trial court's alleged failure to hold a separate punishment hearing; and (2)
counsel's alleged ineffective assistance at the punishment phase in failing to inform him of
a plea bargain offer. We consider these matters within the constraints of Bahm's sole
appellate issue, namely, whether the trial court erred in failing to hear his new trial motion. 
"The purpose of the hearing is for a defendant to fully develop the issues raised in his motion
for new trial." Jordan, 883 S.W.2d at 665. When the motion presents matters determinable
from the record, the trial court does not abuse its discretion by failing to conduct an
evidentiary hearing. Reyes v. State, 849 S.W.2d at 816.

 Whether the trial court erred in failing to hold a separate punishment hearing is a
matter that may be determined from the existing record. We have before us the reporter's
record of the revocation hearing. Included in this transcription is the trial court's
determination of guilt, after which the court immediately heard counsels' punishment
arguments and determined punishment. Thus, the record already establishes that the trial
court did not conduct a separate evidentiary punishment hearing and the trial court need not
conduct a new-trial hearing on this matter. (4)
 See Reyes, 849 S.W.2d at 815-16.

 Bahm also claims that his counsel provided ineffective assistance at the punishment
stage by failing to inform him of a proposed plea bargain. The State concedes that this
complaint is appealable. 

 As a prerequisite to obtaining a hearing, the defendant must support his motion by 
affidavit specifically showing the truth of the grounds for attack. See King v. State, 29
S.W.3d 556, 569 (Tex. Crim. App. 2000). Affidavits that are conclusory in nature and
unsupported by facts are not sufficient to put the trial court on notice that reasonable grounds
for relief exist. Jordan, 883 S.W.2d at 665.

 The State argues that the trial court was not required to hold a hearing because
Bahm's affidavits fail to show that a hearing was needed. Though we consider grounds
other than those cited by the State, we agree the affidavits are insufficient. (5)
 We must uphold
judgments on appeal if they are correct under any theory of law, even one that the appellee
did not cite. See Martinez v. State, 74 S.W.3d at 21 (citing Ex parte Taylor, 36 S.W.3d 883,
886 (Tex. Crim. App. 2001)). In Martinez, the Texas Court of Criminal Appeals held that
an intermediate appellate court may affirm a trial court's denial of a hearing on a new trial
motion when the supporting affidavits are insufficient even though the State did not claim
insufficiency. See 74 S.W.3d at 21.

 Bahm's motion for new trial is supported by three documents titled as affidavits. One
document is signed by Bahm. The second is signed by his father, Dewitt Bahm. The third
is signed by his aunt, Donna Klemme. 

 Bahm's "affidavit" is actually an unsworn declaration that an inmate may use in lieu
of a verification or affidavit pursuant to the Texas Civil Practice and Remedies Code. See
Tex. Civ. Prac. & Rem. Code Ann. §§ 132.001-.003 (Vernon 2005). In his unsworn
declaration, Bahm declares "under penalty of perjury that according to my belief the
foregoing information in this Affidavit [is] true and correct." (Emphasis added.) 

 We first review Bahm's unsworn declaration to determine if it meets the requirements
of the Civil Practice and Remedies Code. See id. Section 132.002 provides that the
declaration must be written and be "subscribed by the person making the declaration as true
under penalty of perjury." Id. at § 132.002. Section 132.003 requires that the declaration
be substantially in the following form: "I . . . declare under penalty of perjury that the
foregoing is true and correct." See Tex. Civ. Prac. & Rem. Code Ann. § 132.003 (Vernon
2005).

 This Court and several of our sister courts have considered the statutory requirements
for unsworn declarations. In Draughon v. Cockrell, an inmate filed a claim under Chapter
14 of the Texas Civil Practice and Remedies Code without filing an affidavit or unsworn
declaration required by section 14.004. See 112 S.W.3d 775, 776 (Tex. App.--Beaumont
2003, no pet.). We noted that section 132.003 requires an inmate's unsworn declaration to
be in writing and subscribed by the person making the declaration as true under penalty of
perjury. Id. at 776 n.2. 

 In Teixeira v. Hall, the Texarkana Court considered the sufficiency of an inmate's
unsworn declaration provided to support his affidavit of inability to pay. See Teixeira v.
Hall, 107 S.W.3d 805, 810 (Tex. App.--Texarkana 2003, no pet.). The Teixeira Court
concluded that its review should determine "the basic question of whether, if [the affiant]
lied, perjury could be assigned to this declaration." Id. (In comparing its review to that
required under Rule of Civil Procedure 145, the court noted that Rule 145 cases appraised
whether the affirmations "show that the statements are based on the affiant's personal
knowledge and whether the statement is so positive as to allow perjury to lie.")

 In Mason v. State, an unreported criminal case (6) involving a motion for new trial, the
defendant's supporting affidavit contained an unsworn declaration in which he asserted 
"under penalty of perjury that the foregoing motion for new trial [was] true and correct to
the best of [his] knowledge." 2003 WL 1237947, at *2 (Tex. App.--San Antonio March 19,
2003, pet. ref'd)(not designated for publication). The Mason Court stated that a "declaration
does not attest to the truthfulness of the facts" when it includes the phrase "to the best of my
knowledge." Id. The court further determined that the declaration did not substantially
comply with the form required by law and, thus, was not effective as a verification or
affidavit. Id. Concluding that the motion for new trial was insufficient as a matter of law,
the Mason Court found that the trial court did not abuse its discretion by denying the motion
without a hearing. Id.

 In In re Hargesheimer, an inmate sought a writ of mandamus. See 2004 WL 42261,
at *1 (Tex. App.--Amarillo Jan. 8, 2004, no pet.). The Amarillo Court of Appeals denied
the writ, in part due to the relator's reliance on an insufficient affidavit. Id. The court noted
that the document filed as an affidavit could not be considered even as an unsworn
declaration because the relator failed to assert that the document's factual statements were
true and correct "under penalty of perjury." Id.

 In Texas criminal cases involving new trial motions, it has long been the rule that 
affidavits are insufficient if they would not support perjury prosecutions. (7) See Vyvial v.
State, 10 S.W.2d 83, 84-85 (Tex. Crim. App. 1928)(op. on reh'g); Bearden v. State, 648
S.W.2d 688, 690-91 (Tex. Crim. App. 1983)(citing Vyvial with approval); Grant v. State,
172 S.W.3d 98, 102 (Tex. App.--Texarkana 2005, no pet. h.)(recently explaining that
motion-for-new-trial affidavit must be "stated in such a direct and unequivocal manner that
perjury could be assigned to it if the statement was found to be false[]"). 

 Texas civil cases also inform our analysis of affidavit requirements. (8) To be legally
sufficient, an affidavit must "positively and unqualifiedly represent the facts as disclosed in
the affidavit to be true and within the affiant's personal knowledge." Humphreys v.
Caldwell, 888 S.W.2d 469, 470 (Tex. 1994)(citing Brownlee v. Brownlee, 665 S.W.2d 111,
112 (Tex. 1984); Burke v. Satterfield, 525 S.W.2d 950, 955 (Tex. 1975)). The Brownlee
Court explained that, absent statutory authorization, "an affidavit is insufficient unless the
allegations contained therein are direct and unequivocal and perjury can be assigned upon
it." Brownlee, 665 S.W.2d 111, 112; see also Ex parte Miller, 604 S.W.2d 324, 326 (Tex.
Civ. App.--Dallas 1980, no writ)(An affidavit that is sworn to on "best knowledge and
belief" is insufficient because of "the reliance, at least in part, on one's belief.") As this
Court previously explained, an affiant who swears that facts are true "according to his belief"
cannot successfully be prosecuted and convicted for perjury if he then states erroneous
beliefs. See Williams v. Bagley, 875 S.W.2d 808, 810 (Tex. App.--Beaumont 1994, no writ).

 Bahm uses the phrase "according to my belief" to qualify his declaration. As a result, 
it does not meet the statutory requirements of an unsworn declaration because it fails to attest
to the truthfulness of the facts. Swearing that a fact is "true and correct according to one's
belief" is not substantially the same form as swearing that a fact is "true and correct." Thus,
the trial court was not required to consider Bahm's affidavit in determining whether to
conduct an evidentiary hearing on his motion for new trial. (9)

 To be sufficient to require the trial court to hold an evidentiary hearing on Bahm's
claim of ineffective assistance of counsel asserted in his motion for new trial, Bahm's other
two supporting affidavits must specifically show that Bahm's attorney failed to inform him
of an offered plea bargain. See King, 29 S.W.3d at 569. Affidavits that are conclusory in
nature and unsupported by facts are not sufficient to put the trial court on notice that
reasonable grounds for relief exist. Jordan, 883 S.W.2d at 665.

 Dewitt Bahm, the appellant's father, provided an affidavit that stated in pertinent part:

 I was not called to testify at the hearing on the State's Motion to
Adjudicate Guilt. However, if I had been called to testify, I would have
testified that Christopher was trying to comply with all of his probation
conditions and attempting to do the right thing. He was working and was
trying to get a better job so he could pay the money that he owed. He was not
making enough money in the job he had to pay what he owed. I would have
testified that Christopher was a good person who wanted to be a contributing
member of his community if given another chance by the Court.

 Also, after the hearing where Christopher was sent to prison, I spoke
to his lawyer and the lawyer told me that the State had offered him a plea
bargain for 7 years. I had not heard before then that any plea bargain had been
offered. 


Dewitt Bahm's affidavit shows that he did not know about the alleged plea bargain until after
the hearing. It does not prove when Christopher Bahm may have learned about the alleged
proposal, or prove that Christopher Bahm's attorney did not timely convey plea bargains to
him. Thus, it is insufficient to put the trial court on notice that reasonable grounds for relief
exist.

 Donna Klemme, Bahm's aunt, stated in her affidavit as follows:

 I was not called to testify at Christopher's revocation hearing where he
was sentenced to prison. I was also never contacted by his lawyer. Had I been
contacted and called to testify I would have testified that Christopher is a good
person, he is kind-hearted and generous, has a good nature and is a good, hard
worker. I would have testified that I believe Christopher has the desire and
ability to do well on probation and be a positive member of society.


Donna Klemme's affidavit is insufficient as evidence of Bahm's claim of ineffective
assistance as it provides no evidence to the trial court about the alleged plea bargain
proposal.

 Because the affidavits submitted by Bahm in his motion for new trial were factually
insufficient regarding Bahm's claim of ineffective counsel, Bahm failed to put the trial court
on notice that reasonable grounds existed for granting a new trial. Therefore, we hold that
Bahm failed to establish any error by the trial court in refusing to hold an evidentiary hearing
on his motion for new trial. Bahm's sole point of error is overruled.

 Finding no reversible error, we affirm the trial court's judgment.

 AFFIRMED.


 ___________________________

 HOLLIS HORTON

 Justice



Submitted on August 30, 2005

Opinion Delivered January 18, 2006

Publish


Before McKeithen, C.J., Kreger and Horton, JJ.



1. Article 42.12, section 5(b) states:


 On violation of a condition of community supervision imposed under
Subsection (a) of this section, the defendant may be arrested and detained as
provided in Section 21 of this article. The defendant is entitled to a hearing limited
to the determination by the court of whether it proceeds with an adjudication of
guilt on the original charge. No appeal may be taken from this determination. 


Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2005) (emphasis added). 


 


2. We note that Bahm pled true to the allegations that he failed to pay fines, fees, and costs. 
A plea of true to any one of the alleged violations is sufficient to support the trial court's order of
revocation. See Moses v. State, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979).
3. In his affidavit, Bahm stated:


 After all of the proceedings I learned that the State had in its possession
evidence that had they disclosed, probably would result in a different verdict in a
new trial. I found out that the State had in its possession the medical results of a rape
test done on the alleged victim. The exam showed no signs of penetration, no DNA,
or any other forensic evidence as claimed in the indictment."
4. We note that Bahm presents his "separate punishment hearing" question only as an
argument supporting his issue that the trial court was required to conduct an evidentiary hearing on
his motion for new trial. As Bahm does not present this question as a separate issue entitling him
to remand, we need not determine whether Bahm had sufficient opportunity to present mitigating
evidence on punishment during adjudication. See Hardeman v. State, 1 S.W.3d 689, 690-91 (Tex.
Crim. App. 1999)(finding that defendant has no absolute right to separate punishment hearing, but
instead must have opportunity to present evidence in mitigation of punishment if such opportunity
was not afforded during adjudication).

5. As to Bahm's claim that counsel was ineffective in failing to inform him that the State had
offered a seven-year plea bargain, the State maintains the following record of the revocation
hearing shows it made no offer:

 

 State: I don't think [Bahm] is a suitable candidate for probation, and he certainly
should not be reinstated, and the State would seek for you to adjudicate
him, find him guilty, and send him to the Texas Department of Corrections,
and we are going to be asking for 40 years.

 

 Court: You take the position that we will go from eight years deferred adjudication
to --


 State: The whole purpose, as you know, for deferred on a sexual offense, is for
the court to have that exposure for the Defendant, and that's why deferred
is the only thing that is available for these type of offenses, and if you --


 Court: I take it you were not the prosecutor that recommended the eight years deferred
adjudication?


 State: You take it correctly. 


While this exchange clearly shows that the prosecutor at the revocation hearing was seeking a
forty year sentence and was not the prosecutor at the deferred adjudication hearing, the State does
not explain how this record excerpt shows that the State did not offer a seven-year plea bargain
prior to the revocation hearing. 

 

6. We consider unreported cases for informational purposes only as they have no
precedential value. See Tex. R. App. P. 47.7.
7. Section 37.02. Perjury 

(a) A person commits an offense if, with intent to deceive and with knowledge of the statement's
meaning:

 (1) he makes a false statement under oath or swears to the truth of a false statement
previously made and the statement is required or authorized by law to be made under oath; or

 (2) he makes a false unsworn declaration under Chapter 132, Civil Practice and Remedies
Code.

(b) An offense under this section is a Class A misdemeanor.


Tex. Pen. Code Ann. § 37.02 (Vernon 2003).
8. In Charles v. State, the Texas Court of Criminal Appeals recently applied the civil summary
judgment standard to determine requirements for affidavits of interested parties in a criminal case. 
See 146 S.W.3d 204, 210 (Tex. Crim. App. 2004). The Charles Court noted that the Texas Rules
of Civil Procedure allow affidavits from interested parties to establish facts for "summary-judgment
purposes only if that evidence is 'clear, positive and direct, otherwise credible, and free from
contradictions and inconsistencies, and could have been readily controverted.'" Id. (quoting Tex.
R. Civ. P. 166a(c)). "A trial judge has discretion to discount factual assertions in an affidavit by an
interested party that do not meet this test." Charles, 146 S.W.2d 210. When the affidavit contains
factual assertions regarding an interested witness's own state of mind, the affidavit normally will
be "uncontrovertible" because "'the mental workings of an individual's mind are matters about
which adversaries have no knowledge or ready means of confirming or controverting.'" Id. (quoting
Lection v. Dyll, 65 S.W.3d 696, 701 (Tex. App.--Dallas 2001, pet. denied).

 
9. Even if Bahm's unsworn declaration had been sufficient, his affidavit was inconsistent
with his father's regarding when his father learned of the alleged plea bargain offer. Bahm's
affidavit stated that counsel informed his father of the offer in September, 2002; Dewitt Bahm's
affidavit stated that he learned of the plea offer after the revocation hearing, which was held in
February, 2003.